MERRICK B. GARLAND
Attorney General

PHILIP R. SELLINGER
United States Attorney
MICHAEL E. CAMPION
Chief, Civil Rights Division
THANDIWE BOYLAN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Email: thandiwe.boylan@usdoj.gov
Telephone: 973-645-2724

KRISTEN CLARKE
Assistant Attorney General
CARRIE PAGNUCCO
Chief, Housing and Civil Enforcement Section
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
150 M Street, NE
Washington, D.C. 20002

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**JAG MANAGEMENT COMPANY LLC**<br><br>*Defendant.* | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, the United States of America (the "United States"), by its undersigned attorneys, files this Complaint and alleges as follows:

## INTRODUCTION

1. The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against JAG Management Company LLC ("Defendant" or "JAG"), for violating the SCRA's prohibition against imposing early termination charges when a servicemember lawfully terminates a residential lease upon receipt of qualifying military orders. *See* 50 U.S.C. § 3955. Specifically, the United States alleges that JAG demanded repayment of rent concessions from at least nine servicemembers who sought early lease termination following receipt of qualifying military orders.

2. The purpose of the SCRA is to provide servicemembers with protections to enable them to devote their entire energy to the defense needs of the Nation and to protect their civil rights during military service. *See* 50 U.S.C. § 3902. One of those protections is the right of a lessee to terminate a residential lease without penalty upon entering into military service or upon receiving qualifying military orders. 50 U.S.C. § 3955(a)(1), (e)(1). Qualifying orders include orders for a permanent change of station, or for deployment with a military unit (or as an individual in support of a military operation) for a period of not less than 90 days. 50 U.S.C. § 3955(b)(1)(B).

3. Upon receiving qualifying orders, the servicemember can terminate the lease without penalty, provided that the servicemember provides the lessor with (i)

written notice of the termination and (ii) a copy of the servicemember's military orders. 50 U.S.C. § 3955(c)(1).

4. The termination of the lease is effective 30 days after the first date on which the next rental payment is due after the date on which the notice is delivered. 50 U.S.C. § 3955(d)(1). The lessor may not impose an "early termination charge" against a terminating servicemember. 50 U.S.C. § 3955(e)(1).

5. This lawsuit is brought to vindicate the rights of servicemembers who were wrongly charged an early termination fee by Defendant, to vindicate the public interest, and to protect servicemembers from future violations of their rights. *See* 50 U.S.C. § 4041.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 50 U.S.C. § 4041.

7. JAG Management Company LLC was the property manager of Jefferson Place, a 490-unit community offering rentals of one- and two-bedroom apartments in Mount Laurel, New Jersey. The address for JAG's corporate office is 1420 Spring Hill Road, Suite 420, McLean, Virginia.

8. Venue is proper in this jurisdictional district under 28 U.S.C. § 1391(b) because Defendant conducts business within the District of New Jersey, and because a substantial portion of the events that form the basis of United States' claim occurred within the District of New Jersey.

## DEFENDANT

9. JAG manages more than twenty large apartment properties in several states, including Maryland, the District of Columbia, Virginia, and Florida. JAG managed the Jefferson Place Mount Laurel property during the time period relevant to this Complaint. As the property manager, JAG was responsible for leasing and resident services at Jefferson Place, including rent collection and concessions, lease terminations, and security deposits.

## FACTUAL ALLEGATIONS

### Coast Guard Lieutenant Daniel Pereira

10. On January 2, 2021, Coast Guard Lieutenant Daniel Pereira entered into a one-year residential lease with Defendant while he was stationed at USCG Sector Delaware Bay Command in Philadelphia, Pennsylvania. According to an addendum to the lease ("Rent Concession Addendum"), Lt. Pereira was given a one-month rent concession for February 2021 in the amount of $2,010. The Rent Concession Addendum provided that the concession was given with the understanding that Lt. Pereira would "fulfill [his] obligations throughout the full term of [his] Lease" and that the concession need not be repaid unless the lease was "terminated early due to [his] default."

11. On or about May 26, 2021, approximately seven months before the lease was to expire, Lt. Pereira received permanent change of station orders to transfer to the Coast Guard's Construction and Engineering Section in New London, Connecticut, effective August 1, 2021. On June 7, 2021, Lt. Pereira provided written notice of termination with a copy of his transfer orders to Defendant. Lt. Pereira

thereafter paid rent for all of July and three prorated days in August before moving out on August 3, 2021. At that time, Defendant did not assert that Lt. Pereira owed any additional fees, and he vacated the apartment without incident.

12. On or about November 5, 2021, Lt. Pereira was notified – for the first time – that Hunter Warfield ("Hunter"), a debt collection agency, had been enlisted on behalf of Jefferson Place to pursue a purported outstanding debt in the amount of $2,120.48. Lt. Pereira also began receiving phone calls from Hunter demanding repayment and advising that failure to pay would result in the debt being referred to credit reporting agencies. Citing the SCRA, Lt. Pereira refused to pay the early termination charges imposed by Defendant.

13. On January 31, 2022, Lt. Pereira submitted a complaint to the Servicemembers Veterans Initiative in the United States Department of Justice.

14. In February 2022, Lt. Pereira's credit score was downgraded due to reporting of debt repayment claims asserted by Defendant. Lt. Pereira thereafter filed a complaint with the Consumer Financial Protection Bureau and his credit score was restored in March 2022. On or about April 1, 2022, Jefferson Place issued a check to Lt. Pereira in the amount of $339.77, representing a refund of his $500 security deposit less outstanding utility charges and other miscellaneous fees.

**United States' Investigation**

15. By letter dated May 5, 2022, the Department of Justice notified Defendant that it was opening an investigation into Defendant's residential leasing practices and requested documents from Defendant, including documents relating to

military lease terminations and Defendant's policies and procedures regarding the SCRA.

16. Defendant provided only limited documents and information in response to the Department's request. However, these records, coupled with servicemember interviews, showed that Defendant had demanded repayment of rent concessions from at least nine servicemembers, including Lt. Pereira, in violation of the SCRA. Two of the other servicemembers harmed by Defendant's violations of the SCRA were an Air Force Staff Sergeant ("Servicemember 2") and an Air National Guardsman ("Servicemember 3").

### Air Force Staff Sergeant Servicemember 2

17. On September 16, 2020, Servicemember 2, an Air Force Staff Sergeant, entered into a one-year lease with Defendant and received a one-month rent concession of $2,005 up front and a second month's concession of $2,005, to be written off over the course of the lease term. After receiving qualifying military orders for deployment, Servicemember 2 provided Defendant with written notice of lease termination on January 27, 2021, with a move out date of March 31, 2021. Around the time he was preparing to move out, Servicemember 2 noticed that a charge of $2,673 had been added to his bill, reflecting rent concessions Defendant contended needed to be repaid. Servicemember 2 disputed the charge, citing the SCRA. Defendant refused to rescind the charge and advised Servicemember 2 that rent concessions had to be repaid "due to the lease not being fulfilled." On July 13, 2021, fearing a negative credit report, Servicemember 2 paid $2,673 to Jefferson Place.

### Air National Guardsman Servicemember 3

18. On December 24, 2020, Servicemember 3, an Air National Guardsman, entered into a one-year lease with Defendant and received rent concessions in the amount of $3,033. After receiving qualifying military orders, Servicemember 3 provided Defendant with written notice of lease termination on or about June 22, 2021, with a move out date of August 3, 2021. Defendant thereafter advised Servicemember 3 that he would need to repay $3,033 in rent concessions because "the lease ha[d] not been fulfilled." After Servicemember 3 declined to pay the termination fee pursuant to his rights under the SCRA, Hunter Warfield was enlisted to pursue the purported debt. Defendant also withheld Servicemember 3's $750 security deposit. On or about November 5, 2021, fearing a negative credit report, Servicemember 3 paid the remaining balance demanded by Hunter Warfield of $2,364.53.

### SERVICEMEMBERS CIVIL RELIEF ACT VIOLATIONS

19. The SCRA provides that "[t]he lessee on a [residential] lease . . . may, at the lessee's option, terminate the lease at any time after . . . the date of the lessee's military orders . . . ." 50 U.S.C. § 3955(a)(1). This option applies to servicemembers who, "while in military service, execute[] the lease and thereafter receive[] military orders for a permanent change of station[, or] to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 90 days." 50 U.S.C. § 3955(b)(1)(B). Termination of leases involving monthly rent payments "is effective 30 days after the first date on which the next rental payment is due and

7

payable after the date on which the [termination] notice . . . is delivered." 50 U.S.C. § 3955(d)(1). "The lessor may not impose an early termination charge, but any taxes, summonses, or other obligations and liabilities of the lessee in accordance with the terms of the lease, including reasonable charges to the lessee for excess wear, that are due and unpaid at the time of termination of the lease shall be paid by the lessee." 50 U.S.C. § 3955(e)(1).

20. Defendant's practice of demanding that servicemembers who seek early termination of their lease after receiving qualifying military orders repay rent concessions violates the SCRA.

21. Defendant has engaged in a pattern or practice of violating 50 U.S.C. § 3955(e)(1) by demanding early termination fees against servicemembers who seek early termination of their residential leases in compliance with the SCRA.

22. Defendant's imposition of early termination charges against Lieutenant Pereira, Servicemember 2, and Servicemember 3, and at least six other servicemembers in violation of 50 U.S.C. § 3955 raises issues of significant public importance.

23. Lieutenant Pereira, Servicemember 2, and Servicemember 3, and at least six other servicemembers who sought termination of their residential leases under the SCRA in or after January 2021 and were wrongly charged an early termination fee are "person[s] aggrieved" under 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendant's conduct.

24. Defendant's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

## RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendant's conduct violated the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq.*;

2. Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with Defendant from:

    a. including a provision in any residential lease or lease addendum that requires servicemembers who terminate the lease in accordance with the SCRA to pay an early termination charge;

    b. imposing an early termination charge when a protected servicemember terminates a residential lease early, in accordance with the SCRA, 50 U.S.C. § 3955;

    c. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the identified victims of Defendant's illegal conduct to the positions they would have been in but for that illegal conduct; and

    d. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future;

3. Awards appropriate monetary damages under 50 U.S.C. § 4041(b)(2) to the identifiable victims of Defendant's violations of the SCRA; and

4. Assesses civil penalties against Defendant under 50 U.S.C. § 4041(b)(3) in order to vindicate the public interest.

The United States further requests such additional relief as the interests of justice may require.

Dated:   September 29, 2023
       Newark, New Jersey

| | |
|---|---|
| PHILIP R. SELLINGER<br>United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| /s/ *Thandiwe Boylan*<br>MICHAEL E. CAMPION<br>Chief, Civil Rights Division<br>THANDIWE BOYLAN<br>United States Attorney's Office<br>District of New Jersey<br>970 Broad Street, Suite 700<br>Newark, New Jersey 07102<br>Email: thandiwe.boylan@usdoj.gov<br>Telephone: 973-645-2724 | CARRIE PAGNUCCO<br>Chief<br>Housing & Civil Enforcement Section<br><br>ELIZABETH A. SINGER<br>Director, U.S. Attorneys' Fair Housing Program<br>U.S. Department of Justice<br>Civil Rights Division<br>Housing and Civil Enforcement Section<br>150 M Street, NE<br>Washington, D.C. 20002 |

10